UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SANTINA LOSURDO-BROSE,

    Plaintiff,

v.                                    Case No:

FIRST NATIONAL COLLECTION
BUREAU, INC.,
                                      **DEMAND FOR JURY TRIAL**

    Defendant.
_____/

## PLAINTIFF'S COMPLAINT
## WITH INJUNCTIVE RELIEF SOUGHT

**COMES NOW**, Plaintiff, **SANTINA LOSURDO-BROSE** ("Ms. Losurdo-Brose" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant, **FIRST NATIONAL COLLECTION BUREAU, INC.** ("Defendant"), and in support thereof states as follows:

### *Introduction*

1. This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt by using an automatic telephone dialing system or an artificial or prerecorded voice to call Ms. Losurdo-Brose's cellular telephone after Ms. Losurdo-Brose expressly revoked consent for Defendant to place such calls to her cellular telephone

and continuing to place calls to Ms. Losurdo-Brose's cellular telephone after she told Defendant to stop, which can reasonably be expected to harass Ms. Losurdo-Brose.

## *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3. Jurisdiction of this Court also arises under Fla. Stat. § 559.77(1).

4. Venue lies in this District pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## *Parties*

5. Plaintiff, Ms. Losurdo-Brose, was and is a natural person and, at all times material hereto, is an adult, a resident of Pasco County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55(8).

6. Ms. Losurdo-Brose is the regular user and subscriber of the cellular telephone number 727-***-3063 ("Cellular Telephone"), and thereby is the "called party" as referenced in the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

7. At all times material hereto, Defendant was and is a foreign profit corporation with its principle place of business in the State of Nevada and its registered agent CORPORATION SERVICE COMPANY located at 1201 Hays Street, Tallahassee, FL 32301.

## *Statements of Fact*

8. On or about December 18, 2014, Defendant began placing calls to Ms. Losurdo-Brose's Cellular Telephone.

9. In its calls, Defendant was seeking individuals other than Ms. Losurdo-Brose in attempts to collect an alleged debt ("Debt") owed by those other individuals.

10. Ms. Losurdo-Brose answered at least four (4) of Defendant's calls and repeatedly demanded that Defendant stop calling her Cellular Telephone.

11. During her conversations with Defendant, Ms. Losurdo-Brose informed Defendant that she was not the person that Defendant was attempting to reach.

12. During her conversations with Defendant, Ms. Losurdo-Brose informed Defendant that she did not owe the Debt that Defendant was attempting to collect.

13. During her conversations with Defendant, Ms. Losurdo-Brose informed Defendant that it had the wrong number.

14. Despite Ms. Losurdo-Brose's repeated demands that Defendant's calls stop, Defendant continued to place calls to Ms. Losurdo-Brose's Cellular Telephone in attempts to collect the Debt.

15. Defendant called Ms. Losurdo-Brose's Cellular Telephone at least twenty-six (26) times during the time period between December 18, 2014 and May 28, 2015.

16. Defendant called Ms. Losurdo-Brose's Cellular Telephone from at least three (3) different telephone numbers, including, but not limited to: 813-867-6721, 813-867-2057, and 775-322-0444.

17. Defendant called Ms. Losurdo-Brose's cellular telephone up to two (2) times a day.

18. Defendant's continued calls, after Ms. Losurdo-Brose requested Defendant stop calling her multiple times, implied that Ms. Losurdo-Brose owed the Debt.

19. Defendant's corporate policies are structured in such a way as to continue to call individuals like Ms. Losurdo-Brose, despite these individuals explaining to Defendant that they are not the intended recipient of Defendant's calls.

20. Defendant's corporate policies provide no means for Ms. Losurdo-Brose to actually remove her Cellular Telephone number from Defendant's call list.

21. Upon answering at least one of Defendant's first few calls, Ms. Losurdo-Brose heard a pause before she was connected to a live representative of Defendant.

22. Ms. Losurdo-Brose has been harassed by Defendant's calls due to the frequency and timing of each of the calls.

23. All of Defendant's calls to Ms. Losurdo-Brose's Cellular Telephone were placed in an attempt to collect the Debt.

24. Defendant has at least one hundred and fifty-six (156) complaints regarding its telephone contact with consumers, and at least ninety-six (96) complaints categorized as "Cont'd attempts to collect debt not owed," filed against it with the Consumer Financial Protection Bureau. *See* **Exhibit A**.

### *Count 1: Violation of the Telephone Consumer Protection Act*

25. Ms. Losurdo-Brose re-alleges paragraphs 1-24 and incorporates the same herein by reference.

26. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227(b)(1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a

>paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

27. Ms. Losurdo-Brose never provided any consent for Defendant to call Ms. Losurdo-Brose's Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message.

28. This is because Ms. Losurdo-Brose had no prior business relationship with Defendant to provide any prior express consent for Defendant to call Ms. Losurdo-Brose's Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message.

29. Despite never having Ms. Losurdo-Brose's prior express consent to call Ms. Losurdo-Brose's Cellular Telephone by the use of an ATDS or artificial voice or prerecorded message, Defendant called Ms. Losurdo-Brose's Cellular Telephone at least twenty-six (26) times.

30. Each of the calls that Defendant placed to Ms. Losurdo-Brose's Cellular Telephone was placed in an attempt to collect an alleged Debt from someone other than Ms. Losurdo-Brose.

31. Further, Ms. Losurdo-Brose expressly revoked consent to have Defendant call Ms. Losurdo-Brose's Cellular Telephone by the use of an ATDS or artificial voice or prerecorded message on or about December 18, 2014 when she expressly told Defendant to stop calling her.

32. Ms. Losurdo-Brose also expressly revoked consent to have Defendant call Ms. Losurdo-Brose's Cellular Telephone by the use of an ATDS or artificial voice or

prerecorded message on or around December 18, 2014 when she expressly told Defendant that she did not owe the debt that Defendant was attempting to collect.

33. Despite the express revocation of consent, and notwithstanding the lack of any prior consent, Defendant thereafter called Ms. Losurdo-Brose's Cellular Telephone at least twenty-five (25) times.

34. Defendant did not have Ms. Losurdo-Brose's consent to call her Cellular Telephone at any point in time.

35. Ms. Losurdo-Brose never provided Defendant with Ms. Losurdo-Brose's Cellular Telephone number.

36. Defendant did not place any emergency calls to Ms. Losurdo-Brose's Cellular Telephone.

37. Defendant willfully and knowingly placed non-emergency calls to Ms. Losurdo-Brose's Cellular Telephone.

38. Ms. Losurdo-Brose knew that Defendant called Ms. Losurdo-Brose's Cellular Telephone using an ATDS because she heard a pause when she answered at least one of the first few calls from Defendant on her cellular telephone before a live representative of Defendant came on the line.

39. Ms. Losurdo-Brose knew that Defendant called Ms. Losurdo-Brose's Cellular Telephone using a prerecorded voice because Defendant left Ms. Losurdo-Brose at least one voicemail using a prerecorded voice.

40. Defendant used an ATDS when it placed at least one call to Ms. Losurdo-Brose's Cellular Telephone.

41. Under information and belief, Defendant used an ATDS when it placed at least ten calls to Ms. Losurdo-Brose's Cellular Telephone.

42. Under information and belief, Defendant used an ATDS when it placed all calls to Ms. Losurdo-Brose's Cellular Telephone.

43. At least one call that Defendant placed to Ms. Losurdo-Brose's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

44. At least one call that Defendant placed to Ms. Losurdo-Brose's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

45. At least one call that Defendant placed to Ms. Losurdo-Brose's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

46. At least one call that Defendant placed to Ms. Losurdo-Brose's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

47. At least one call that Defendant placed to Ms. Losurdo-Brose's Cellular Telephone was made using a prerecorded voice.

48. Defendant has recorded at least one conversation with Ms. Losurdo-Brose.

49. Defendant has recorded more than one conversation with Ms. Losurdo-Brose.

50. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Ms. Losurdo-Brose, for its financial gain.

51. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals

using such devices, just as it did to Ms. Losurdo-Brose's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

52. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Ms. Losurdo-Brose, despite individuals like Ms. Losurdo-Brose revoking any consent that Defendant believes it may have to place such calls.

53. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Ms. Losurdo-Brose's Cellular Telephone.

54. Defendant has corporate policies to abuse and harass consumers like Ms. Losurdo-Brose despite having actual knowledge that they are calling the wrong person and that the called person does not wish to be called.

55. As direct evidence of Defendant's corporate policies and procedures as described above, since March 2015, Defendant has at least one hundred and fifty-six (156) complaints regarding its telephone contact with consumers, and at least ninety-six (96) complaints categorized as "Cont'd attempts to collect debt not owed," filed against it with the Consumer Financial Protection Bureau. *See* **Exhibit A**.

56. Defendant's phone calls harmed Ms. Losurdo-Brose by trespassing upon and interfering with Ms. Losurdo-Brose's rights and interests in her Cellular Telephone line.

57. Defendant's phone calls harmed Ms. Losurdo-Brose by wasting her time.

58. Defendant's phone calls harmed Ms. Losurdo-Brose by being a nuisance and causing her aggravation.

59. Defendant's phone calls harmed Ms. Losurdo-Brose by causing a risk of personal injury to Ms. Losurdo-Brose due to interruption and distraction.

60. Defendant's phone calls harmed Ms. Losurdo-Brose by invading her privacy.

61. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

   a. Awarding statutory damages as provided by 47 U.S.C. § 227(b)(3)(B), which allows for $500 in damages for each such violation;

   b. Awarding treble damages pursuant to 47 U.S.C. § 227(b)(3)(C);

   c. Awarding Plaintiff costs;

   d. Ordering an injunction preventing further wrongful contact by the Defendant; and

   e. Any other and further relief as this Court deems equitable.

### *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

62. Ms. Losurdo-Brose re-alleges paragraphs 1-24 and incorporates the same herein by reference.

63. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated Fla. Stat. § 559.72 (7) by willfully communicating with Ms. Losurdo-Brose with such frequency as can reasonably be expected to harass Ms. Losurdo-Brose, and by continuing to place calls to Ms. Losurdo-Brose's Cellular Telephone despite Ms. Losurdo-Brose's demands that Defendant's calls cease, which can reasonably be expected to harass Ms. Losurdo-Brose.

    b. Defendant violated Fla. Stat. § 559.72(9) by attempting to enforce a Debt when Defendant knew that Ms. Losurdo-Brose did not woe the Debt because Ms. Losurdo-Brose informed Defendant multiple times that she did not owe the Debt.

64. As a result of the above violations of the FCCPA, Ms. Losurdo-Brose has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

65. Defendant's actions have damaged Ms. Losurdo-Brose by invading her privacy.

66. Defendant's actions have damaged Ms. Losurdo-Brose by causing her embarrassment.

67. Defendant's actions have damaged Ms. Losurdo-Brose by causing her stress.

68. Defendant's actions have damaged Ms. Losurdo-Brose by causing her aggravation.

69. It has been necessary for Ms. Losurdo-Brose to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

70. All conditions precedent to this action have occurred.

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by §559.77, Fla. Stat.;

    b. Awarding actual damages;

    c. Awarding punitive damages;

    d. Awarding costs and attorneys' fees;

    e. Ordering an injunction preventing further wrongful contact by the Defendant; and

    f. Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, **SANTINA LOSURDO-BROSE**, demands a trial by jury on all issues so triable.

Respectfully submitted this **October 18, 2017**,

*/s/ Michael A. Ziegler*
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

*/s/ Kaelyn Steinkraus*
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
13575 58th Street North, Suite 129
Clearwater, FL 33760
(p) (727) 538-4188
(f) (727) 362-4778
Attorneys and Trial Counsel for Plaintiff